IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| USA TRUCK, INC.<br><br>    Plaintiff<br><br>v.<br><br>SULLAIR, LLC; BRIDGESTONE<br>AMERICAS TIRE OPERATIONS, LLC<br><br>    Defendants | CIVIL ACTION FILE<br><br>NO.: 3:20-cv-00075-CDL |

### USA TRUCK, INC.'S BRIEF IN SUPPORT OF ITS
### MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff USA TRUCK, INC., by and through the undersigned counsel and pursuant to F.R.C.P. 56, files this Brief in Support of Its Motion for Partial Summary Judgment, respectfully showing the Court as follows:

**I.    Introduction and Reason for Motion**

This case arises from a tragic traffic collision that caused the death of Scott Bartley, Sr. and destroyed USA Truck's tractor-trailer and cargo. In the collision, the USA Truck tractor-trailer was impacted by a Ford truck pulling a Sullair 375HH air compressor trailer (the "Sullair Trailer"). USA Truck contends Sullair was negligent when it designed the 4,400-pound Sullair Trailer to be towed on public highways at highway speeds with standard "highway towable running gear" but <u>no</u> <u>brakes</u>.[1]

---

[1] Sullair may attempt to distract the Court by arguing that while the Sullair Trailer was intended to be towed on public highways at highway speeds, it also had other intended uses such as compressing air. But this is irrelevant. Sullair had a duty to design its trailer to be reasonably safe for all of its intended uses and foreseeable misuses, and it is undisputed that at least one of the intended uses of Sullair's brakeless trailer was for it to be towed on public highways at highway speeds.

One central issue in this case is whether the Sullair Trailer, which weighed 4,400 pounds and was not equipped with brakes, was safe to tow on public highways at highway speeds. Sullair claims that it was safe, but there is simply no legal or factual basis for that claim. In fact, all of the law and evidence in this case is to the contrary.

First, the Federal Motor Carrier Safety Regulations ("FMCSRs"), which have been adopted by Georgia, clearly dictate that trailer brakes are necessary for the safe towing of trailers, such as the Sullair Trailer, that weigh over 3,000 pounds.

Second, Sullair's engineers have concluded that trailer brakes were necessary for the safe towing of Sullair's trailers.

Third, Sullair's expert admits that it is generally accepted in the engineering world that, consistent with the FMCSRs, trailer brakes are required for the safe towing of trailers weighing more than 3,000 pounds.

In addition, there is no admissible evidence or expert opinion in this case to even suggest that a 4,400 pound brakeless trailer is safe to tow on public highways at highway speeds.

Thus, the only evidence in this case is that trailers weighing more than 3,000 pounds, like the Sullair Trailer, are <u>not</u>, in fact, safe to tow on public highways at highway speeds without trailer brakes. Accordingly, Plaintiff asks this Court to conclude as a matter of law that Sullair's 4,400 pound brakeless trailer was unsafe to be towed on public highways at highway speeds, as it was being used at the time of the subject accident.

## II. Relevant Facts

An exemplar of the Sullair Trailer is depicted here:



It is undisputed that the Sullair Trailer weighed over 4,400 pounds.

It is undisputed that, by Sullair's design, the Sullair Trailer <u>was</u> equipped with standard "highway towable running gear"[2] but <u>no brakes</u>, and that Sullair designed and intended the brakeless, 4,400-pound Sullair Trailer to be towed on public roadways at highway speeds.[3]

It is further undisputed that at the time of the accident, the brakeless, 4,400-pound Sullair Trailer was, in fact, being towed on a public highway at highway speeds, just as Sullair designed and intended it to be.

## III. Argument and Citation of Authority

### A. Summary Judgment Standard.

When ruling on a motion for summary judgment, the moving party has the burden of showing that there is "no genuine issue as to any material fact," and therefore, the moving party is entitled to judgment as a matter of law. <u>Adickes v. S.H. Kress & Co.</u>, 90 S.Ct. 1598, 1608, 398 U.S. 144, 157, 26 L.Ed.2d. 142 (1970). This burden can be satisfied by demonstrating that the non-

---

[2] Ex. 1, Sharma Depo. 64:8-11; 88:20-25.

[3] Ex. 2, Brian Tylisz 30(b)(6) Depo. 10/3/19 113:13-22.

moving party cannot present sufficient evidence to support an issue on which the moving party has the burden of persuasion at trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 477 U.S. 317, 91 L.Ed.2d 265 (1986).

Once the moving party has made its *prima facie* case for summary judgment, the burden shifts to the non-moving party. Id. The non-moving party cannot rely on mere allegations or denials from the pleadings, but rather must show that there is an issue of material fact to be resolved at trial. Fed. R. Civ. P. 56(e); First Nat. Bank of Arizona v. Cities Serv. Co., 88 S.Ct. 1575, 1592, 391 U.S. 253, 288-89, 20 L.Ed.2d. 569 (1968). If the non-moving party cannot so show, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

### B. The FMCRs Dictate That Sullair's 4,400 Pound Brakeless Trailer Is Not Safe to Tow on Public Highways at Highway Speeds.

The Federal Motor Carrier Safety Administration ("FMCSA") was established pursuant to the Motor Carrier Safety Improvement Act of 1999. By statute, it is required to "consider the assignment and maintenance of **safety as the highest priority**, recognizing the clear intent, encouragement, and dedication of Congress to the furtherance of the highest degree of safety in motor carrier transportation." 49 U.S.C.A. § 113(b) (emphasis added). The FMCSA's stated mission is to "reduce crashes, injuries, and fatalities involving large trucks and buses." See www.fmcsa.dot.gov/mission. It does this primarily through the promulgation and enforcement of the FMCSRs.[4]

---

[4] Georgia and the vast majority of other states have adopted 49 C.F.R. §§ 390.5 and 393.42 as state law. See Ga. Comp. R. & Regs. 515-16-4-.01.

49 C.F.R. § 390.5 of the FMCSRs provides in pertinent part that a "commercial motor vehicle" is one where the "gross combination weight" (*i.e.,* the combined weight of the tow-vehicle and trailer) is "(10,001 pounds) or more."

Part 393 of the FMCSRs is entitled "Parts and Accessories Necessary for Safe Operation." It includes 49 C.F.R. § 393.42, which provides in pertinent part as follows:

> (a) Every commercial motor vehicle shall be equipped with brakes acting on all wheels…
>
> (b) Exception
>
> \*\*\*\*\*
>
> (3) Any semitrailer or pole trailer (laden or unladen) with a gross weight of 1,361 kg (3,000 pounds) or less which is subject to this part is not required to be equipped with brakes if the axle weight of the towed vehicle does not exceed 40 percent of the sum of the axle weights of the towing vehicle.

Stated plainly, when read together these two regulations dictate that where the combined weight of the tow-vehicle and trailer exceed 10,000 pounds, any trailer that is a part of that combination that weighs more than 3,000 pounds must have brakes. The mandatory, statutory purpose of this requirement, as noted above, is to provide for the safe operation of the tow-vehicle / trailer combination.

Here, it is undisputed that the combined weight of the Sullair Trailer and the Blackwell's truck that was towing it at the time of the accident exceeded 10,000 pounds. It is further undisputed that the Blackwell's truck / Sullair Trailer combination was operating in interstate commerce at the time of the accident. As shown above, the FMCSA has decreed through the FMCSRs, which

themselves carry the weight of federal law,[5] that under those circumstances brakes on trailers weighing over 3,000 pounds are necessary for the safe operation of such a truck / trailer combination. In this case, the Sullair Trailer weighed 4,400 pounds. Therefore, according to the FMCSA, it required brakes for safe towing.

Whether the Sullair Trailer is technically a "commercial motor vehicle" is the subject of a pending motion before this Court (See Doc. 84). However, the outcome of that motion is not determinative of the issue presented in this motion. For one thing, Sullair's counsel has admitted that the Sullair Trailer would be governed by the FMCSRs when towed by a vehicle weighing more than 5,600 pounds, as it was in the this case.[6] For another, Sullair's expert, Kevan Granat, admits that from a physics standpoint the Sullair Trailer is no different than any other trailer.[7] Thus, whether Sullair's trailer is technically a "commercial motor vehicle" under the FMCSRs has no substantive impact upon the conclusion by the FMCSRs, as adopted by Georgia, that trailer brakes are necessary for the safe towing of Sullair's 4,400 pound trailer on public highways.

### C. Sullair's Engineers and Employees Have Concluded That Its Trailers Are Not Safe Without Trailer Brakes.

Sullair's former employee, Robert Alexander, testified that Sullair's engineers concluded that brakes were necessary for the safe towing of Sullair's trailers.[8] Specifically, Mr. Alexander

---

[5] See, e.g, Crowe v. Fleming, 749 F. Supp. 1135, 1137 (S.D. Ga. 1990) ("Regulations promulgated by federal agencies under a statutory authorization have the force of federal law and can pre-empt conflicting state law.").

[6] Ex. 3, Summary Judgment Hearing Transcript, 104:16-20. The Court is asked to note that this hearing was in the related state court matter, and this transcript was also referenced and attached to Plaintiff's Motion for Partial Summary Judgment (Doc. 84) in this case. See Doc. 84-1 at Ex. 9.

[7] Ex. 4, Kevan Granat Depo. 129:15-22; 128:4-129:9.

[8] Mr. Alexander was testifying regarding Sullair's "IT4" trailer, which was a next-generation redesign of the Sullair Trailer and weighed 1,000 pounds more than the Sullair Trailer. But this is

testified as follows:

```
 4    Q    Okay. But so the issue of whether or not the machine
 5   weight dictated that brakes were required for safe towing came
 6   up in the meeting. Correct?
 7    A    Correct.
 8    Q    You recall a specific discussion, correct?
 9    A    Correct.
10    Q    That involved engineers and other people like
11   yourself that were employees of Sullair, correct?
12    A    That is correct.
13    Q    And the consensus was that the machine weight did
14   dictate that brakes were required for safe towing. Correct?
15    A    Yes, sir.
```

Ex. 6, Alexander Depo. 32:4-32:15; 37:18-38:2.[9] Mr. Alexander was prepared by and represented by Sullair's lawyers in his deposition, and, to date, there is no suggestion by Sullair that Mr. Alexander was not telling the truth.

---

a distinction without significance, as Mr. Alexander's testimony is clearly applicable to the Sullair Trailer for several reasons. First, as admitted by Sullair's expert, Mr. Granat, from a physics standpoint the Sullair trailer is no different than any other trailer. Id. Second, Sullair's expert, James Keough, testified that the 1,000-pound difference between the two trailers would not affect the decision of whether brakes were necessary for safe towing. Ex. 5, Keough Depo. 143:7-13. The FMCSA obviously agrees, as 49 CFR § 393.42 requires brakes on all trailers over 3,000 pounds, which both the IT4 trailer and Sullair Trailer exceeded. Further, there is no evidence or testimony in this case even suggesting that a 4,400 pound brakeless trailer is safe to tow on public highways but a 5,400 pound brakeless trailer is unsafe to tow on public highways.

[9] Sullair tried to prevent Plaintiff from deposing Mr. Alexander, falsely claiming that he had no relevant information to this case. (See Doc. 71 at 2.) But Mr. Alexander's testimony is obviously relevant, as he clearly testified that he specifically recalled a conversation and conclusion by Sullair's engineers and employees that brakes were necessary for the safe towing of Sullair's trailers. Until Mr. Alexander testified, the numerous Sullair employees that had been previously deposed were unable to recall whether any such discussion occurred even though Sullair's engineers had clearly questioned whether brakes were necessary for safe towing in this same time frame.

**D. Sullair Cannot Present Any Evidence to Show That the Sullair Trailer Was Safe to Tow on Public Highways at Highway Speeds.**

Mr. Alexander's testimony is consistent with the fact that Sullair ultimately made brakes a standard feature on the IT4 trailer, and explains why it did so. For its part, Sulllair claims that it is "not aware of" having ever studied or analyzed whether brakes were necessary for safe towing of Sullair's trailers.[10] Given Sullair's own lack of knowledge on the subject, and every other Sullair employee's mysterious inability to so much as even recall whether such a conversation occurred (which it obviously must have), Mr. Alexander's positive testimony it is the only evidence that exists on that topic in this case and is not and cannot be refuted by Sullair.

Mr. Alexander's testimony is also consistent with Sullair's trailer design expert's testimony that, in the engineering world, it is generally understood that trailers should have trailer brakes if the trailer weighs over 3,000 pounds.[11] That same expert, Mr. Keough, admitted that he has not seen any data or research that would suggest that a brakeless trailer over 3,000 pounds is safe to tow. [12] Similarly, Sullair is not aware of any research or analysis by Sullair or anyone else to determine whether the Sullair Trailer, which weighed over 4,000 pounds, was safe to tow on public highways without brakes.[13]

As shown above, the <u>only</u> evidence in this case is that the brakeless, 4,400-pound Sullair Trailer was unsafe to tow on public highways at highway speeds, as intended by Sullair, and that Sullair's engineers and employees actually concluded as much. That conclusion was consistent

---

[10]   Ex. 2, Tylisz 30(b)(6) Depo. (10/3/2019): 74:16-20; 78:14-20; 188:1-8; 205:16-206:2.

[11]   Ex. 5, Keough Depo. 90:15-23.

[12]   Ex. 5, Keough Depo. 147:10-14.

[13]   Ex. 7, Poczekay Depo. 111:15-112:2.

with the FMCSA's findings, as embodied in the relevant FMCSRs, and was later confirmed by Sullair's own experts. Moreover, it was affirmatively acted upon by Sullair when it made brakes a standard feature on its IT4 trailer. Sullair admits that it neither has, nor has it ever seen, any evidence to suggest that the brakeless Sullair Trailer was safe to tow on public roadways at highway speeds, and it has no knowledge that it ever bothered to look at the issue. Without any such evidence, Sullair cannot create an issue of fact for trial and summary judgment on this issue is appropriate. Fed. R. Civ. P. 56. <u>Celotex Corp.</u>[14]

### E. Conclusion

All of the evidence in this case shows that the brakeless Sullair Trailer was unsafe to tow on public highways as it was designed and intended to be used (and was being used at the time of the accident). Sullair has conceded as much by its actions, and further concedes that is has no evidence to the contrary. Plaintiff is therefore entitled to summary judgment on this issue.

WHEREFORE, Plaintiff prays for an order of this Court summarily adjudicating that Sullair's 4,400 pound brakeless trailer was unsafe to be towed on public highways at highway speeds, as it was being used at the time of the subject accident; and for such other, further, and additional relief as seems just to the Court in the premises.

This 1st day of December, 2021.

*[signature on following page]*

---

[14] To the extent Sullair will once again incorrectly argue that it is somehow inappropriate for the Court to grant partial summary judgment on this discrete issue, Plaintiff incorporates by this reference Section II of its Reply Brief in Support of Motion for Partial Summary Judgment filed herein on October 7, 2021 (Doc. 86).

MCMICKLE, KUREY & BRANCH, LLP

 /s/ Scott W. McMickle
SCOTT W. MCMICKLE
Georgia Bar No.:  497779
MICHAEL P. JOHNSON
Georgia Bar No.:  395055
***Attorneys for Plaintiff***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone (678) 824-7800
Facsimile:  (678) 824-7801
swm@mkblawfirm.com
mjohnson@mkblawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed **USA TRUCK, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** via the Court's CM/ECF e-filing system to the following counsel of record:

Terry O. Brantley, Esq.
Alex McDonald, Esq.
terry.brantley@swiftcurrie.com
alex.mcdonald@swiftcurrie.com
SWIFT, CURRIE, McGHEE & HIERS, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA 30309
*Attorney for Defendant*
*Sullair, LLC*

Caroline Johnson Tanner, Esq.
Jonathan Spital, Esq.
caroline.tanner@hklaw.com
Jonathan.spital@hklaw.com
Holland & Knight LLP
One Regions Plaza, Suite 1800
1180 West Peachtree Street, NW
Atlanta, GA 30309-3407
*Attorney for Defendant*
*Bridgestone Americas Tire Operations, LLC*

This 1st day of December, 2021.

> */s/ Scott W. McMickle*
> SCOTT W. MCMICKLE
> For the Firm