

Deposition of:

**Robert Carpenter**

*July 25, 2019*

In the Matter of:

**Bartley, Laelonnie v. Blackwell's Automobile Leasing Company,**

Veritext Legal Solutions
800.808.4958 | calendar-atl@veritext.com | 770.343.9696

1   Q    When it says highway towable, what does that mean
2        to you?
3   A    That means it could be towed on any road.
4   Q    Including a highway; right?
5   A    Including a highway.
6   Q    And up here at the top left of that little section
7        it says, "Designed for total accessibility and
8        reliability."
9            Do you see that?
10  A    Okay.  Yes, in the upper left-hand corner.
11  Q    Right.
12           So you would agree that this trailer was
13       designed to be towed on highways?
14           MR. BRANTLEY:  Object to the form of the
15       question.
16  A    Yes, the compressor was designed to be towed over
17       highways.
18  Q    Thank you.
19           So does Mr. Halama --
20  A    Mr. Halama.
21  Q    Is he still with the company?
22  A    He is not.
23  Q    I understand -- is he retired?
24  A    He is retired.
25  Q    Does he still live locally?

1       regulations regarding brakes on trailers?
2           Was that any factor, however slight, in the
3       decision that Sullair made to start putting brakes
4       on all trailers weighing over 3,000 pounds?
5           MR. BRANTLEY:  Object to the form of the
6       question.
7   A   I don't recall.
8   Q   Would you be the best person to ask that or would
9       Nav or somebody else be that was involved in the
10      project?
11  A   It would be between Nav and myself.
12  Q   So I'm trying to understand.
13          It obviously went from -- there's a change;
14      right?  In the -- it was an optional feature
15      before, and it became a standard feature.
16  A   Yes.
17  Q   I need you to tell me why it went from being an
18      optional feature to a standard feature and any
19      factor, however slight, that Sullair considered in
20      that change.
21          MR. BRANTLEY:  Object to the form of the
22      question.
23  A   I don't know because that decision was essentially
24      made in interim Tier 4.
25  Q   Who made the decision in interim Tier 4?

1    MR. BRANTLEY: Objection, asked and answered.
2  MR. McMICKLE:
3  Q   Go ahead and answer.
4  A   What was the question?
5  Q   You said the decision to make brakes a standard
6      feature on the subject equipment occurred in the
7      interim process.
8  A   Yes.
9  Q   Who made the decision to put brakes on the trailer
10     in the interim process?
11         MR. BRANTLEY: Object to the form of the
12     question.
13 A   I don't know for sure.
14 Q   So the record speaks for itself, but I'm confused.
15     I feel like you've said two totally different
16     things.
17         I just need to know did you personally have any
18     involvement, however slight, with the change --
19     with the decision to move from brakes on trailers
20     over 3,000 pounds being an optional item versus a
21     standard item?
22         MR. BRANTLEY: Object to the form of the
23     question.
24 A   I think some of the confusion may be that the
25     decision was not made specifically because the